UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

DION GREGORY FISHER and
SAMUEL BLAINE HUFFMAN

CASE NO. 8:18-cr-236-T-33TBW
21 U.S.C. § 846
21 U.S.C. § 841
18 U.S.C. § 1957

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

Beginning on an unknown date, but by at least on or about late 2013 or early 2014, and continuing through on or about February 15, 2018, in the Middle District of Florida, and elsewhere, the defendants,

DION GREGORY FISHER and
SAMUEL BLAINE HUFFMAN,

did knowingly, willfully, and intentionally conspire with each other and other persons, both known, including Christopher McKinney, and unknown to the Grand Jury, to possess with intent to distribute and manufacture and distribute a controlled substance, namely 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled

substance, and 100 grams or more of a mixture and substance containing a detectable amount of 2-methoxy-N-(1-phenethylpiperidin-4-yl)-N-phenylacetamide ("methoxyacetyl fentanyl"), a Schedule I controlled substance, and is therefore punished under is therefore punished under 21 U.S.C. § 841(b)(1)(A).

All in violation of 21 U.S.C. § 846.

## COUNT TWO

On or about December 14, 2017, in the Middle District of Florida, and elsewhere, the defendant,

### DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute, and did distribute, a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

On or about December 15, 2017, in the Middle District of Florida, and elsewhere, the defendant,

DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute, and did distribute, a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FOUR

On or about December 20, 2017, in the Middle District of Florida, and elsewhere, the defendant,

DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute, and did distribute, a controlled substance, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FIVE

On or about February 2, 2018, in the Middle District of Florida, and elsewhere, the defendant,

DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT SIX

On or about February 15, 2018, in the Middle District of Florida, and elsewhere, the defendant,

DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under is therefore punished under 21 U.S.C. § 841(b)(1)(A).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT SEVEN

On or about February 15, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### DION GREGORY FISHER,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of pentylone, a Schedule I controlled substance and is therefore punished under is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1).

## COUNT EIGHT

On or about February 15, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### SAMUEL BLAINE HUFFMAN,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(B).

In violation of 21 U.S.C. §§ 841(a)(1) and 2.

## COUNTS NINE THROUGH SIXTEEN
### (Illegal Monetary Transactions)

### A. Introduction

1. Konrad Guzwicz was a resident of Pinellas County, Florida, located in the Middle District of Florida. Guzwicz owned and operated Pinellas County businesses known as Onyx Automotive and AK Tire and Rims with his wife, A.W.

### B. Offenses

2. On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendant,

### DION GREGORY FISHER,

did knowingly engage and attempt to engage in the below-described monetary transactions, with Konrad Guzwicz, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, which property was in fact derived from specified unlawful activity, that is, conspiracy, possession with intent to distribute and manufacture and the distribution of controlled substances, in violation of 21 U.S.C. § 846 and 841, specifically:

| COUNT | DEPOSIT DATE | TRANSACTION AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| NINE | March 23, 2015 | $22,950 | Wire Transfer by Dion Fisher from Hancock Bank account ending in 9814 to Worldwide Auto Inc. Zions Bank account ending in 0054, located in West Valley City, UT, for the purchase of 2008 Maserati Grand Turismo, VIN ending in 7368 |
| TEN | June 19, 2015 | $30,000 | Deposit of official check number 0000360763 payable to Dion Fisher in Hancock Bank account ending in 9814 from Guzwicz and A.W. drawn on Pinellas County Federal Credit Union |
| ELEVEN | July 17, 2015 | $30,000 | Deposit of check number 1743, with "Loan" in memo line, by Dion Fisher into Hancock Bank account ending in 9814 drawn on Onyx Automotive Bank of America account ending in 7106 |
| TWELVE | July 21, 2015 | $30,920.51 | Wire Transfer from Dion Fisher Hancock Bank account ending in 9814 to Wells Fargo account ending 0248 in the name of Stewart Title Company, located in Minnetonka, MN, for the purchase of real property in the Middle District of Florida |

| COUNT | DEPOSIT DATE | TRANSACTION AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| THIRTEEN | July 27, 2015 | $30,000 | Deposit of check number 5730, with "Loan Payment" in memo line, by Dion Fisher into Hancock Bank account ending in 9814 drawn on AK Tire & Rims LLC Bank of America account ending in 9813 |
| FOURTEEN | July 27, 2015 | $30,000 | Purchase of cashier's check number 125001796 by Dion Fisher with funds from Hancock Bank account ending in 9814 written to National Auto Lenders for the purchase of a 2005 Bentley Continental Coupe, VIN SCBCR63W55C025362, registered in the name of and held by Dion Fisher |
| FIFTEEN | August 5, 2015 | $22,000 | Purchase of cashier's check number 125001815 by Dion Fisher from funds in Hancock Bank account ending in 9814 written to Onyx Automotive, deposited in Onyx Bank of America account ending in 7016 for the purchase of 2009 Audi R8 Quattro, VIN WUAAU34219N002963 |

| COUNT | DEPOSIT DATE | TRANSACTION AMOUNT | MONETARY TRANSACTION |
|---|---|---|---|
| SIXTEEN | August 24, 2015 | $30,000 | Deposit of check number 1008, with "Loan Payment" in memo line, in Dion Fisher Hancock Bank account ending in 9814 drawn on Guzwicz and A.W. Suncoast Credit Union account ending in 2798 |

All in violation of 18 U.S.C. §§ 1957 and 2.

### FORFEITURE

1. The allegations contained in Counts One through Sixteen are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1).

2. Upon conviction of a violation of 21 U.S.C. §§ 841 and/or 846, the defendants,

DION GREGORY FISHER and
SAMUEL BLAINE HUFFMAN,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property

9

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of, or a conspiracy to violate, 18 U.S.C. § 1957, the defendant,

DION GREGORY FISHER,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense and any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, the following:

   a. An order of forfeiture in the amount of proceeds obtained by the defendant as well as the amount involved in the money laundering offenses;

   b. A 2005 Bentley Continental Coupe Automobile, Vehicle Identification Number SCBCR63W55C025362 registered in the name of and held by Dion Fisher;

   c. All funds in Kellogg Community Credit Union member account number 347554, held in the name of Dion Fisher;

   d. Approximately 18 pieces of assorted jewelry seized from 6580 Seminole Boulevard, Lot 617, Seminole, Florida, on or about February 15, 2018;

   e. Approximately $9,520 seized from 6580 Seminole Boulevard, Lot 617, Seminole, Florida, on or about February 15, 2018; and

 f. 2009 Audi R8 4.2 Quattro, Vehicle Identification Number WUAAU34219N002963.

 5. If any of the property described above, as a result of any acts or omissions of the defendants:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), directly and as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Kelley C. Howard-Allen
Assistant United States Attorney

By: _____
Gregory Pizzo
Assistant United States Attorney

By: _____
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section

T:\_Cases\Criminal Cases\F\FISHER, Dion_2016R02676_KHA\FINAL Versions of Indictments-Informations-PleaAgreemts\p_Indictment - FISHER & HUFFMAN - 5-11-18.docx

FORM OBD-34
May 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

DION GREGORY FISHER and
SAMUEL BLAINE HUFFMAN

## INDICTMENT

Violations: 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 1957

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of May 2018.

_____
Clerk

Bail $_____

GPO 863 525